# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  6:21-CR-00089-01** |
| **VERSUS** | **JUDGE ZAINEY** |
| **JOHN M RICHARD (01)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court are four Motions to Quash Writ of Garnishment and related Motions for Hearing filed by Defendant, John Richard (Rec. Doc. 103 through 110), and four Motions of Interested Party to Quash Writ of Garnishment by Defendant's spouse, Dolores Richard. (Rec. Doc. 112; 119; 120; 121). The Government opposed the Motions (Rec. Doc. 124 and 125). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Motions are denied.

## Factual Background

John Richard pled guilty to one count of misprision of a felony on October 20, 2022. (Rec. Doc. 78 through 82). Pursuant to his plea agreement, he agreed to pay restitution to Guichard Operating Company, LLC. (Rec. Doc. 80, p. 4-5). He agreed that restitution would "be made due and payable immediately" and that he would be liable for all restitution. (Rec. Doc. 80, p. 5, ¶8). In February 2023, the

Court sentenced him to three years of probation, with five months of home detention, and to pay restitution in the amount of $2,658,931.73. As a special condition of supervision, the Court ordered: "In the event the defendant does not pay the restitution in full immediately, the defendant shall make monthly payments of no less than $800.00 to commence on April 1, 2023." (Rec. Doc. 91, p. 3; 94, p. 4[1]). The Schedule of Payments in the judgment provides:

    A. Lump sum payment of $2,658,931.73 due immediately;

    B. Payment to begin immediately (may be combined with … F below);

        …

    F. Special instructions regarding the payment of criminal monetary penalties: Payment in equal monthly installments of no less than $800.00 to commence by April 1, 2023.

(Rec. Doc. 91, p. 5; 94 p. 6).

On March 31, 2023, the Government applied for and received writs of continuing garnishment to Catalyst Bank, Regions Bank, Edward Jones, and Meritus Credit Union. (Rec. Doc. 94 through 102). Defendant moved to quash each writ on the grounds that 1) the Government should not be able to garnish the accounts unless and until Defendant defaults on the payment plan; and 2) the Government should not

---

[1] The Court signed an Amended Judgment on March 18, 2023 to correct a clerical error. Rec. Doc. 94.

be permitted to garnish co-owned/community property funds. Defendant's wife, Delores, likewise moved to quash the writs on the grounds that the funds are either her separate property or co-owned/community property.

## <u>Applicable Law</u>

The Victim and Witness Protection Act authorizes restitution for victims of federal crimes and sets forth the procedures therefor. 18 U.S.C. §§3663, 3664. Further, "[t]he court may order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." §3663(a)(3). That Defendant must pay restitution is undisputed.

The Government may enforce an order of restitution as provided in 18 U.S.C. §3611 or "by all other available and reasonable means." 3664(m)(1)(A). See also §3613(f), which authorizes the Government to enforce an order of restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law," which "may be enforced against all property or rights to property of the person fined," subject to certain exemptions. §3613(f) referencing §3613(a). Garnishment is one tool available for the collection of federal debt, such as restitution. 28 U.S.C. §3205(a) provides in pertinent part:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to

3

garnishment under the law of the State in which such property is located.

§3205(b) sets forth the Government's procedural requirements for obtaining a writ of garnishment. If the court determines that the Government's application for a writ of garnishment complies with the statute, the court will issue the writ authorizing the garnishment of the defendant's property. §3205(c). In this case, the Government applied for, and the Court issued, Writs of Continuing Garnishment to four financial institutions in which Defendant has accounts.

Defendant first argues that the Government was not permitted to seek post-judgment garnishment, because the Government's available remedies (including issuance of writs of garnishment) are not available unless he fails to comply with the payment schedule of $800 monthly installments. The Court disagrees with Defendant's interpretation. Both Defendant's plea agreement and the Judgment state that restitution is payable in full immediately. The special conditions of supervision state that the installment payment requirement is triggered "in the event the defendant does not pay the restitution in full immediately" (Rec. Doc. 94, p. 4)—not the other way around as Defendant contends. Likewise, the Schedule of Payment provides that restitution is due immediately and that payment is to begin immediately, in combination with payment of monthly installments. (Rec. Doc. 94, p. 6). The Fifth Circuit has also rejected Defendant's argument. *United States v.*

*Ekong*, 518 F.3d 285, 286 (5th Cir. 2007). Accordingly, the writs are enforceable despite Defendant's payment plan.

Delores Richard argues that the garnishment writs are unenforceable because she is a non-defendant spouse who did not benefit from Defendant's criminal acts. In the same vein, both Defendant and Delores urge that the writs are unenforceable insofar as they seek recovery of community property and Delores's separate property. Although federal law (specifically §3663, discussed above) creates the lien on Defendant's property, state law defines the property interests to which the lien attaches. *United States v. Elashi*, 789 F.3d 547, 548–49 (5th Cir. 2015). Louisiana is a community property state. La. C.C. art. 2334 *et seq.* A separate or community obligation may be satisfied during the community property regime from community property and from the separate property of the spouse who incurred the obligation. La. C.C. art. 2345. It is well settled that the Government may garnish community property, including the defendant's spouse's solely-managed community property to pay the defendant's restitution, in a community property state. *United States v. Tilford*, 810 F.3d 370, 372 (5th Cir. 2016). See also, *Elashi*, *supra*, wherein the Fifth Circuit held the Government could garnish the defendant's spouse's paycheck for payment of a criminal assessment, because Texas is a community property state. A non-defendant spouse's separate property in a community property state is not subject to garnishment. See generally *United States v. Berry,* 951 F.3d 632, 637 (5th

Cir. 2020); *United States v. Loftis*, 607 F.3d 173, 178 (5th Cir. 2010); *United States v. Lampkin*, No. 16-CR-00214-03, 2019 WL 4670773, at *1 (W.D. La. Sept. 24, 2019). Thus, the Government is permitted to garnish Defendant's separate property and the Richards' community property. Both Meritus Credit Union and Catalyst Bank answered the writs providing that those institutions maintained jointly owned accounts. (Rec. Doc. 122; 123). Although Delores Richard submitted that the funds sought to be garnished "are either the separate property of Dolores and/or they are co-owned," she did not submit any evidence that the accounts contain her separate funds. Accordingly, the Court shall allow Mrs. Richard an opportunity to submit such evidence.

## <u>Conclusion</u>

For the reasons discussed herein, John Richards's Motions (Rec. Doc. 103 through 110) are DENIED. Dolores Richards's Motions (Rec. Doc. 112 through 121) are DENIED WITHOUT PREJUDICE. Dolores Richard may re-file her motions within seven (7) days with evidence that funds in the accounts are her separate property. Otherwise, the writs shall be enforceable.

THUS DONE in Chambers, Lafayette, Louisiana on this 25th day of April, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE